COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Bray
Argued at Richmond, Virginia


LORETTA ROBERTS

v.          Record No. 0303-95-3       MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
PHILIP NATHANIEL WILLIAMS                   FEBRUARY 13, 1996


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    Porter R. Graves, Jr., Judge

          R. Bruce Wiles, for appellant.

          No brief or argument for appellee.



      Loretta Roberts appeals the judgment of the trial court

awarding custody of Tajon S. Williams to his biological father,

Philip Nathaniel Williams.  Ms. Roberts contends that the trial

court erred (1) in concluding that Williams had not voluntarily

relinquished custody of Tajon and (2) in finding that Tajon's

best interests were served by awarding custody to Williams.  We

find no error and affirm the judgment of the trial court.

          When addressing matters concerning a child . . . the
          paramount consideration of a trial court is the child's
          best interests.  On review, "[a] trial court is
          presumed to have thoroughly weighed all the evidence,
          considered the statutory requirements, and made its
          determination based on the child's best interests."
          Furthermore, the evidence is viewed in the light most
          favorable to the prevailing party below and its
          evidence is afforded all reasonable inferences fairly
          deducible therefrom.  "In matters of a child's welfare,
          trial courts are vested with broad discretion in making
          the decisions necessary to guard and to foster a
          child's best interests."  The trial court's judgment,
          "when based on evidence heard ore tenus, will not be

─────────────────────
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disturbed on appeal unless plainly wrong or without
evidence to support it."

Logan v. Fairfax County, 13 Va App. 123, 128, 409 S.E.2d 460, 463
(1991) (citations omitted).

"In custody disputes between a natural parent and a non-
parent, the law presumes the best interest of the child will be
served when in the custody of the natural parent." Mason v.
Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 244 (1989). "To
overcome the strong presumption favoring a parent, the non-parent
must adduce by clear and convincing evidence that . . . the
parents voluntarily relinquished custody." Id. "A voluntary
relinquishment occurs when a parent willingly agrees or consents
to having their child placed in the custody of a nonparent." Id.
at 222, 385 S.E.2d at 245.

Ms. Roberts bore the burden of proving by clear and
convincing evidence that Williams voluntarily relinquished
custody of Tajon. The trial court found the evidence
insufficient to prove a voluntary relinquishment. We cannot say
this determination was plainly wrong.

In May, 1991, Tajon's biological mother took him and left
Williams. She placed Tajon with her first cousin, Ms. Roberts,
while she stayed in a shelter. On May 31, 1991, Ms. Roberts was
awarded temporary custody of Tajon by the juvenile and domestic
relations court with the consent of the biological mother, but
without notice to Williams. Williams first learned of this order
in December, 1991. In April, 1992, he sought custody. An order

- 2 -

entered May 15, 1992, allowed Ms. Roberts to retain temporary custody of Tajon, but Williams specifically reserved his parental rights.

In December, 1992, and again in September, 1993, Williams sought custody of Tajon. He was awarded custody in November, 1993. These circumstances clearly show the efforts that Williams made to gain custody of his son and support the trial court's ruling that Ms. Roberts failed to prove by clear and convincing evidence that Williams voluntarily relinquished custody of Tajon.

Ms. Roberts next contends that the trial court erred in finding that Tajon's best interests were served by awarding his custody to Williams. The trial court based its ruling on the statutory factors of Code § 20-124.3, the best interests of the child standard. Credible evidence supports the trial court's finding. The evidence disclosed that Williams can provide a stable and loving environment in which to raise Tajon, Williams and Tajon have a good relationship and enjoy spending time together, Williams and his wife have established jobs and can provide financially for Tajon, and Williams' wife supports his desire to have custody of Tajon.

"This case fits within the established rule that 'the parent prevails unless the non-parent bears the burden of proving, by clear and convincing evidence, both that the parent is unfit and that the best interest of the child will be promoted by granting custody to the non-parent.'" Elder v. Evans, 16 Va. App. 60, 67,

427 S.E.2d 745, 749 (1993). "[A] fit parent with a suitable home has a right to the custody of his child superior to the rights of others." Id. The evidence in this case clearly supports the trial court's finding that Tajon's best interests are served by his being in Williams' custody.

The judgment of the trial court is affirmed.

Affirmed.